## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **ANTHONY TATE, on behalf of himself and all those similarly situated,** ) ) ) ) | |
| **Plaintiff,** ) ) | **Case No.: 2:08-CV-1935-VEH** |
| **v.** ) ) | |
| **DHL EXPRESS (USA) INC., TERRITORY REPS, INC., and WILLIAM D. COLEY,** ) ) ) ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

**I.   Introduction**

This action was initiated on December 17, 2008, and is brought under § 216(b) of the Fair Labor Standards Act ("FLSA") by Plaintiff Anthony Tate against Defendants DHL Express (USA), Inc. ("DHL"), Territory Reps, Inc. ("Territory Reps"), and William Coley. (doc. 1). Plaintiff is a former "pickup and delivery driver" at Defendant Territory Reps's warehouse terminal located in Birmingham, Alabama. According to Plaintiff, the "primary job duties for drivers were to load their van with packages and deliver them to customers, and to pick-up packages from customers and return them to the terminal." (doc. 32-2, p.2). Plaintiff asserts that he

and other similarly situated "drivers" at Territory Reps's terminal warehouse in Birmingham, Alabama, routinely worked in excess of 40 hours per week, but were paid no overtime because drivers were paid based on the number of days they worked each week rather than the number of hours they actually worked. (doc. 32-2, p.2). The Complaint includes a single count brought individually and on behalf of the members of the putative class under the FLSA, 29 U.S.C. § 201 et seq.

This matter is presently before the Court on "Plaintiff's Motion for Conditional Collective-Action Certification and for Court-Approved Notice to the Collective Action Class" ("Motion for Conditional Certification"), filed on July 13, 2009. (doc. 32). Plaintiff seeks leave to send notice of this lawsuit to "[a]ll former driver employees who worked for Territory Reps, Inc. during the three-year period from [three years prior to the date of the Court's certification order] to [the date of the Court's certification order], and who were not paid overtime by Territory Reps, Inc. for work hours over 40 in a work week at the rate of one and one-half times their regular rate of pay." (doc. 32, p.1) (emphasis in original omitted).

None of the Defendants filed a written objection to Plaintiff's motion, despite having ample time to do so. That said, Defendant DHL filed a "response" to the Motion for Conditional Certification. (doc. 36). DHL does not substantively oppose the instant motion, but objects to certain language and time periods specified in

Plaintiff's proposed "Notice of Lawsuit with Opportunity to Join" ("Proposed Notice"). (doc. 33-2).

After giving careful consideration to the Motion for Conditional Certification, the related briefs and evidence, and for the reasons set forth herein, Plaintiff's Motion for Conditional Certification is **GRANTED**. This Court will conditionally certify a FLSA collective action as described more specifically below.

## II.   Discussion

### A.   Plaintiff's Motion for Conditional Certification

#### 1.   Legal Framework for Collective Action Certification

Section 216(b) of the FLSA provides that:

> [a]n action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

This Court uses the "two-step" approach to § 216(b) certification that has been endorsed by the Eleventh Circuit Court of Appeals.[1]   First, the Court determines

---

[1] The Court of Appeals for the Eleventh Circuit prefers that district courts employ a two-step approach when determining whether to certify a collective action under Section 216(b).

The first determination is made at the so-called "notice stage." At the notice stage,

3

whether a collective action should be certified for notice purposes. A district court, in its discretion, may authorize the sending of notice to potential class members in a collective action in appropriate cases. *See*, *e.g.*, *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001); *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 886-87 (11th Cir. 1983). Then, after discovery is completed and the case is ready for trial, the Court revisits the issue of certification. Therefore, certification, if granted at the preliminary stage,

---

> the district court makes a decision – usually based only on the pleadings and affidavits which have been submitted – whether notice of the action should be given to potential class members. Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

*Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-24 (5th Cir. 1995)). Although *Hipp* involved a collective action brought under the Age Discrimination in Employment Act of 1967, the Eleventh Circuit has made clear that the analysis set forth in that case applies with equal force to FLSA collective actions. *See Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003).

> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives-i.e. the original plaintiffs-proceed to trial on their individual claims.

*Id.*

is always conditional.

In making the initial decision regarding certification, the Court must consider whether it will serve the purposes and putative benefits of a collective action under § 216. The Supreme Court has identified the main benefits of a collective action under § 216(b):

> A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity.

*Hoffmann-La Roche, Inc.,* 493 U.S. at 170.  Accordingly, the Court must balance the putative benefits against any prejudice to Defendants and any judicial inefficiencies that may result from allowing the case to proceed collectively.  *See Bayles v. American Medical Response of Colorado, Inc.,* 950 F. Supp. 1053, 1067 (D. Colo. 1996).

Under the applicable collective action legal principles, this Court must "satisfy itself that there are other employees of [Defendants] who desire to 'opt in' and who are 'similarly situated' [to Plaintiff] with respect to their job requirements and with regard to their pay provisions." *Dybach v. Florida Dept. of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).  A plaintiff bears the burden of demonstrating a "reasonable basis" for his or her claim that collective action status is appropriate.

*Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996) (citation omitted).

### 2. Application of the Legal Framework

#### a. The Opt-In Interest Requirement

As supporting evidence of a sufficient interest in the litigation, Plaintiff proffers the executed consents to join suit from himself as well as four other individuals who worked as "drivers" at Territory Reps' Birmingham, Alabama, warehouse terminal during the relevant time period. Plaintiff stated that the class should consist of "as many as 30" individuals. (doc. 32-2, p.1). Given the size of the proposed class, it is significant that nearly 17% of the putative class has already consented to join in this litigation. Moreover, Plaintiff has submitted his declaration as well as the declarations of "drivers" Shundra Anthony and Deshaun Oliver.[2] The Court finds that the consents and declarations of record establishe more than a mere expectation that other employees are interested in joining the putative collective action.

Defendants did not contest the content or the authenticity of the consent or declaration documents. Moreover, Defendants have not offered any contrary evidence of "driver" employees who have expressed a lack of interest in the proposed class. *Cf. Saxton v. Title Max of Alabama, Inc.*, 431 F. Supp. 2d 1185, 1187-88 (N.D.

---

[2] The individuals who submitted declarations also filed consents.

Ala. 2006) (denying conditional certification in part on the basis of "substantial [competing] evidence, including 158 affidavits . . . indicating that members of a potential opt-in class likely have no interest in opting in to this lawsuit.") (footnote and citation omitted). In fact, Defendants, in their significant silence,[3] have abandoned (or alternatively conceded) the issue of whether Plaintiff has adequately met the opt-in interest requirement at the conditional certification level.

Therefore, for those reasons, Plaintiff has established a reasonable basis for the Court to conclude that a sufficient interest to opt-in exists as to the proposed collective action.

### b.     The Substantially Similar Requirement

The Court reads *Dybach*, *supra*, to require a comparison of the pool of potential opt-in candidates with Plaintiff to see if their job requirements and pay provisions are substantially similar. *See also Grayson*, 79 F.3d at 1096 ("[P]laintiffs need show only 'that their positions are similar, not identical,' to the positions held by the putative class members.") (citation omitted). Moreover, "the burden is on the

---

[3] *See Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) (failure to brief and argue issue at the district court is sufficient to find the issue has been abandoned); *see also Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.") (citation omitted)). "[T]he onus is upon the parties to formulate arguments[.]" *Dunmar*, 43 F.3d at 599 (citation omitted).

plaintiffs to make an evidentiary showing that they and the proposed class are similarly situated, not on the defendants to disprove such similarity." *Reed v. Mobile County Sch. Sys.*, 246 F. Supp. 2d 1227, 1232 (S.D. Ala. 2003). A plaintiff "may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Hipp*, 252 F.3d at 1219. Moreover, "the 'similarly situated' requirement of § 216(b) is <u>more elastic and less stringent</u> than the requirements found in Rule 20 (joinder) and Rule 42 (severance)." *Grayson*, 79 F.3d at 1095 (emphasis added).

On the other hand, "[a] court may deny plaintiffs' right to proceed collectively if the action arises from circumstances <u>purely personal to the plaintiff</u>, and <u>not from any generally applicable rule, policy, or practice</u>." *Williams v. Accredited Home Lenders, Inc.*, No. 1:05-CV-1681-TWT, 2006 WL 2085312, at *4 (N.D. Ga. July 25, 2006) (quoting *England v. New Century Financial Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005)) (emphasis added). That said, under Eleventh Circuit precedent, "a unified policy, plan, or scheme of discrimination [or FLSA prohibited actions] <u>may not [even] be required</u> to satisfy the more liberal 'similarly situated' requirement of § 216(b)[.]" *Grayson*, 79 F.3d at 1095. (emphasis added).

Here, Plaintiff alleges that "[t]hroughout the relevant period of this lawsuit,

Defendants DHL, Territory Reps and William Coley knowingly, intentionally and wilfully violated the FLSA by failing to pay Plaintiff and all similarly situated employees the overtime compensation to which they were entitled." (doc. 1, ¶ 26). Plaintiff has limited the scope of individuals who are potential members of the class to former "drivers" employed by Territory Reps, Inc. at its warehouse terminal in Birmingham, Alabama.

>Plaintiff specifically asserts that
>
>>A typical day for a driver . . . involved the following activities. Each morning, drivers reported to a warehouse terminal in Birmingham, Alabama operated by DHL. After arriving at the terminal, the driver would retrieve his DHL-issued handheld computer/scanner which listed the day's pick-ups, with specific time frames DHL had negotiated with the customer. Drivers then scanned packages scheduled for delivery and loaded them onto their delivery vans. Once their vans were loaded, the drivers exited the terminal and began their day's activities, typically delivering packages in the morning and picking them up in the afternoon.
>
>>Plaintiff's job duties were, notably, the same as those for the other drivers employed by Territory Reps.

(doc. 32-2, p.4) (evidentiary citations omitted).

The Court finds that, given the lenient standard it is to employ at this conditional certification stage, the declarations of record support Plaintiff's assertions regarding the duties of "drivers" as well as the notion that the job duties were uniform among the "drivers" employed during the relevant time period for this lawsuit.

Moreover, Defendants failed to offer any competing evidence or argument on this point, and the Court deems Defendants' silence as a concession of the similarly situated issue for purposes of conditional collective action certification.[4]

**C.      Defendant DHL's Objections to Plaintiff's Proposed Notice**

Defendant DHL asserts two objections to the Proposed Notice.

First, DHL objects to the 60-day period specified in the Proposed Notice within which Plaintiff's counsel must receive all consent forms from opt-in plaintiffs. DHL contends that the 60-day opt-in period is too long, and that the period should be shortened to a "30-day opt-in period . . . and certainly no more than 45 days should be allowed." (doc. 36, p.5). According to DHL, a 60-day opt-in period is "patently unreasonable" because this case has been pending for nearly a year and Plaintiff's counsel has, in that time, "successfully communicated with others to file purported 'opt-ins' . . . ." (*Id*.). In support of its argument, DHL cites three district court cases in which those courts allowed for a 45-day opt-in period.[5]

In response, Plaintiff argues that a 60-day opt-in period is reasonable because that period allows for (1) time for the notice letters to be delivered to potential opt-in plaintiffs; (2) those putative plaintiffs to have adequate time to decide whether to

---

[4] *See* note 4, *supra*.

[5] Decisions by district courts are not binding authority on this Court.

participate in this litigation; (3) a reasonable time for consent forms to be delivered to Plaintiff's counsel; and (4) the possible difficulties associated with locating potential class members who might be difficult to find. (doc. 38, p.2-3). Plaintiff also notes that DHL has failed to state how it is prejudiced by a 60-day opt-in period. Plaintiff also directs this Court to several district court decisions, including a recent decision by this Court, wherein those courts have allowed for a 60-day opt-in period.

This Court agrees with Plaintiff that a 60-day opt-in period is reasonable under the circumstances of this case. Accordingly, DHL's objection as to the length of the opt-in time period as stated in the Proposed Notice is **OVERRULED**.

Second, DHL argues that the Proposed Notice is not "neutral." (doc. 36, p.3) (citing *Hoffman-LaRoche, Inc.*, 493 U.S. at 174, for the proposition that a "court must 'take care to avoid even the appearance of judicial endorsement of the merits of the action' and 'must be scrupulous to respect judicial neutrality.'"). Specifically, DHL contends that the Proposed Notice lacks the requisite neutrality because it (1) fails to list the names and contact information for Defendants' counsel; (2) requires that all consents to opt-in be mailed to Plaintiff's counsel; and (3) purportedly does not state with satisfactory prominence the fact that opt-in plaintiffs have a right to engage legal counsel of their own. (doc. 36, p.4). DHL has not cited to any binding authority in support of its arguments that the Proposed Notice, as written, is not "neutral."

11

Moreover, DHL has failed to link its objections to the Proposed Notice with its contention that those alleged defects indicate that the Court is endorsing a position that lacks neutrality. Nevertheless, the Court has rigorously reviewed the Proposed Notice and finds that it is "neutral." Accordingly, DHL's objection premised on an alleged lack of neutrality is **OVERRULED**.

### III.   Conclusion and Order

Accordingly, **IT IS ORDERED** as follows:

1. Plaintiff's Motion for Conditional Certification pursuant to 29 U.S.C. § 216(b) is **GRANTED**.

2. The conditional collective action, as defined herein, is certified for notice purposes only. Relatedly, DHL's objections to the terminology contained in the proposed notice and consent form are **OVERRULED**.

3. Plaintiff shall file an amended proposed notice of right to opt-in to the lawsuit <u>and</u> a similarly amended consent form within fourteen days from the date this order is entered. The amended notice should reflect the now determinable FLSA conditional collective action time period.

4. Defendants shall provide Plaintiff with the names, the last four digits of social security numbers, and the last known physical addresses of all individuals in the putative FLSA collective action within thirty days from the entry date of this

order.

    5.    Once Plaintiff has filed the amended notice and consent form with the Court and received the above names, addresses, and social security information from Defendants, then Plaintiff shall provide notice by First Class Mail to all additional putative opt-in collective action plaintiffs.

    6.    Within fourteen days from the date this order is entered, the parties shall file a joint proposed revised scheduling order.

**DONE** and **ORDERED** this the 15th day of October, 2009.

/s/ VEHopkins
_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge